**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Shawn R. Hornyak,
              Debtor

Chapter 13
Case No. 22-10234

## ORDER DENYING TRUSTEE'S MOTION TO DISMISS

The trustee has moved for dismissal of this case under 11 U.S.C. § 1307(c), alleging that the "Debtor has proposed a plan which is based in part on submission of the proceeds of a federal crime as a portion of his monthly plan payments[.]" [Dkt. No. 22, p. 2]. There is no dispute about the pertinent facts: the Debtor's non-filing spouse is employed by a medical marijuana dispensary and, when the trustee's motion was filed, the Debtor and his spouse did not maintain separate bank accounts. *See* [Dkt. No. 8, pp. 6 & 22-23]. If that situation had persisted, the Debtor would likely be unable to propose a confirmable plan. *See* 11 U.S.C. § 1325(a)(3) (requiring that a chapter 13 plan be "proposed in good faith and not by any means forbidden by law"); *cf.* In re Blumsack, 647 B.R. 584, 593-96 (Bankr. D. Mass. 2023) (denying confirmation of chapter 13 plan under section 1325(a)(3) and dismissing case for cause where the plan was to be funded by income derived from the debtor's employment as a "budtender" where he distributed cannabis in violation of 21 U.S.C. § 841). However, the Debtor attests that in the months since the trustee's motion was filed, the Debtor has opened a separate bank account and has proposed, in his modified chapter 13 plan, to maintain that account through the entry of discharge. [Dkt. No. 31, § 8.1]. He has further proposed to commit to deposit only his income into that separate account, to make no deposits into that account from any other sources, to make

his plan payments from that account, and to provide bank statements for that account to the trustee upon request.  Id.

The Debtor's modified plan does not run afoul of section 1325(a)(3) because it does not rely for funding upon income derived from activities illegal under federal law.  And, unlike the debtor in Blumsack, the Debtor himself is not "seeking the benefits and protections of federal bankruptcy laws while continuously and contemporaneously undertaking (and earning income from) actions that violate federal criminal laws."  In re Blumsack, 647 B.R. at 595.  Instead, the Debtor derives income from employment as a sternman, carpenter, and painter, and he is proposing to fund his chapter 13 plan with that income.  He is also proposing to silo the income necessary to fund his plan from the income derived by his non-filing spouse, who is employed at a medical marijuana dispensary.

There will not be cause for conversion or dismissal of this case under section 1307(c) based on the Debtor's non-filing spouse's employment so long as the Debtor is progressing toward confirmation of a plan that contains the provisions in section 8.1 of the modified plan at Dkt. No. 31 set forth above, and he further proposes to: (a) submit statements for his separate bank account to the trustee each month along with pictures of all checks deposited into that account; and (b) deposit only checks from his employment into that account, and not deposit any cash or permit any transfers into that account.  The trustee's contention that monthly review of these bank account statements will be administratively burdensome is understandable but unpersuasive.  He is already committed to reviewing the debtor's business operating statements, and review of the bank account statements will not add in a significant way to the efforts necessary to administer this case.

- 3 -

The trustee's motion to dismiss is therefore denied without prejudice.

Dated: May 9, 2023

*/s/ Michael A. Fagone*
Michael A. Fagone
United States Bankruptcy Judge
District of Maine